1
2
3
4
5
6
7
8                      UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JASON ALLEN DUQUE,                    No. 2:20-cv-1974-JAM-EFB P

12                  Plaintiff,

13        v.                               ORDER

14   ADAM RYAN, et al.,

15                  Defendants.

16

17        Plaintiff, a county jail inmate proceeding without counsel in an action brought under 42

18   U.S.C. § 1983, seeks leave to proceed in forma pauperis.  ECF No. 9.[1]

19                      Application to Proceed in Forma Pauperis

20        Plaintiff's application and finds that it makes the showing required by 28 U.S.C.

21   § 1915(a)(1) and (2).  Accordingly, by separate order, the court directs the agency having custody

22   of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth

23   in 28 U.S.C. § 1915(b)(1) and (2).

24   /////

25   /////

26   ────────────────────

27        [1] In light of this application (ECF No. 9), the court vacates the December 14, 2020
     findings and recommendations (ECF No. 8), which recommended that this action be dismissed
     because of plaintiff had failed to either pay the filing fee or seek leave to proceed in forma
28   pauperis.

                                            1

<u>Screening Standards</u>

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief."  *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).  While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  *Twombly*, 550 U.S. at 555-557.  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice."  *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.  When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

/////

2

1

Screening Order

2       Plaintiff's complaint asserts three separate claims, each too vague and conclusory to

3  survive screening.  Plaintiff's first claim alleges inadequate medical care but is not linked to any

4  defendant and is short on specifics.  *See* ECF No. 1 at 2 (alleging only that plaintiff "was denied

5  access to proper medical care and prescribed medications and diet.").  Plaintiff's second claim is

6  partially illegible, as some of the allegations are too faint to read.  As best the court can tell,

7  plaintiff alleges that defendants Padron, Vasquez, and Owens withheld his legal mail.  *Id.* at 3.

8  Plaintiff's third claim implicates a Shasta County Superior Court judge and the Shasta County Jail

9  chaplain in the denial of plaintiff's right to religious freedom.  However, plaintiff does not

10  identify any sincerely held religious belief or elaborate as to how his religious rights were

11  violated.

12       Plaintiff's complaint is also plainly deficient insofar as it attempts to bring unrelated

13  claims against distinct groups of defendants.  It is well settled that a claimant may not proceed

14  with various unrelated claims against separate defendants:

15           "The controlling principle appears in Fed. R. Civ. P. 18(a): 'A party
            asserting a claim to relief as an original claim, counterclaim, cross-
16           claim, or third-party claim, may join, either as independent or as
            alternate claims, as many claims, legal, equitable, or maritime, as the
17           party has against an opposing party.'  Thus multiple claims against a
            single party are fine, but Claim A against Defendant 1 should not be
18           joined with unrelated Claim B against Defendant 2."

19  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).  Plaintiff's three claims appear to encompass

20  discrete events involving separate groups of defendants that are ill-suited to proceed in a single

21  suit.

22       Plaintiff's complaint will be dismissed with leave to amend.

23

Leave to Amend

24       Plaintiff is cautioned that any amended complaint must identify as a defendant only

25  persons who personally participated in a substantial way in depriving him of his constitutional

26  rights.  *Johnson v. Duffy*, 588 F.2d 740, 743  (9th Cir. 1978) (a person subjects another to the

27  deprivation of a constitutional right if he does an act, participates in another's act or omits to

28  perform an act he is legally required to do that causes the alleged deprivation).  Plaintiff may also

3

1  include any allegations based on state law that are so closely related to his federal allegations that

2  "they form the same case or controversy."  *See* 28 U.S.C. § 1367(a).

3       The amended complaint must also contain a caption including the names of all defendants.

4  Fed. R. Civ. P. 10(a).

5       Plaintiff may not change the nature of this suit by alleging new, unrelated claims.  *See*

6  *George*, 507 F.3d at  607.  Nor, as mentioned above, may he bring unrelated claims against

7  multiple defendants.  *Id.*

8       Any amended complaint must be written or typed so that it so that it is complete in itself

9  without reference to any earlier filed complaint.  E.D. Cal. L.R. 220.  This is because an amended

10  complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the

11  earlier filed complaint no longer serves any function in the case.  *See Forsyth v. Humana*, 114

12  F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter

13  being treated thereafter as non-existent.'") (*quoting Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.

14  1967)).

15       Any amended complaint should be as concise as possible in fulfilling the above

16  requirements.  Fed. R. Civ. P. 8(a).  Plaintiff should avoid the inclusion of procedural or factual

17  background which has no bearing on his legal claims.  He should also take pains to ensure that his

18  amended complaint is as legible as possible.  This refers not only to penmanship, but also spacing

19  and organization.  Plaintiff should carefully consider whether each of the defendants he names

20  actually had involvement in the constitutional violations he alleges.  A "scattershot" approach in

21  which plaintiff names dozens of defendants will not be looked upon favorably by the court.

22                    Conclusion

23       Accordingly, it is ORDERED that:

24       1.  The December 14, 2020 findings and recommendations (ECF No. 8) are

25            VACATED;

26       2.  Plaintiff's application to proceed in forma pauperis (ECF No. 9) is GRANTED;

27  /////

28  /////

4

      3.  Plaintiff shall pay the statutory filing fee of $350.  All payments shall be collected in accordance with the notice to the Shasta County Sheriff filed concurrently herewith;

      4.  Plaintiff's complaint (ECF No. 1) is DISMISSED with leave to amend within 30 days of service of this order; and

      5.  Failure to comply with any part of this this order may result in dismissal of this action.

DATED:  January 11, 2021.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

5